IN THE U.S. DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

ROBERT T. MAREMA and
WHITNEY M. MAREMA

Petitioners,                                             CASE NO.

v.

UNITED STATES OF AMERICA
(U.S. Dept. of Treasury)

Respondent.

_____/

## CIVIL ACTION FOR REFUND

This action is brought by ROBERT T. MAREMA and WHITNEY M. MAREMA,

Petitioners against UNITED STATES OF AMERICA (U.S. Dept. of Treasury) Respondent,

under 26 U.S.C. 7422- Civil Action for Refund relating to a civil tax penalty levied against

Plaintiffs by the U.S. Department of Treasury-Internal Revenue Service for failure to timely file

a Form 3520A-Annual Information Return for Foreign Trust with U.S. Owner for tax year 2017.

## JURISDICTION AND VENUE

Petitioners are both over the age of eighteen years and are residents of Flagler County,

Florida. Respondent is a governmental entity of the U.S. with offices in the Middle District of

Florida. This Court has proper venue and jurisdiction over this matter pursuant to 26 U.S.C.

§7422 which governs Civil Actions for Refund. Petitioners have also previously sought a refund

of all civil penalties paid for tax year 2017 (via filing of Form 843-Claim for Refund and

Request for Abatement) with the Internal Revenue Service but to date have been denied full

refund upon appeal to the Internal Revenue Service Appeals Division. It should be noted that

taxpayers had previously been assessed the same civil late filing penalty for tax year 2018, but that penalty was waived by the Service for good cause and as no income tax was due.

## **FACTS OF THE CASE**

In 2000, Petitioner formed the RTM Trust, a foreign grantor trust established for the purposes of estate planning and governed by the trust laws of the Bahamas. The trustee appointed to manage the operations of the trust was originally Amsterdam Trust Corporation (ATC) based in Grand Cayman, and was subsequently transferred to Forbes Hare Trust Company with offices in Nassau, Bahamas. The trust was funded by assignment of the membership interest of Petitioner in a series of Florida limited liability companies, including Bariatric Holdings, LLC. No other assets of any tangible value were ever assigned to the trust.

Each year after establishment of the trust, Petitioners duly filed both Form 3520 (Annual Return to Report Transactions with Foreign Trusts) and Form 3520-A (Annual Information Return of Foreign Trust with U.S. Owner) with the U.S. Internal Revenue Service. Until tax year 2017, all tax forms were duly filed on a timely basis and no penalties were ever levied against the trust. Each year, the U.S. agent for the trust, Lawrence A. Caplan, P.A., filed Form 7004 for the trust, which provided for an extension of time for the trust to file the trust tax forms. Each year Petitioners filed their Form 3520A as a substitute along with their Form 3520.

The Form 3520-A for tax year 2017 would normally have been due on or before March 15, 2018. However, pursuant to the Internal Revenue Service Instructions for Preparation and Filing Form 3520A (attached hereto as Exhibit "A"), if the taxpayer was filing a substitute Form 3520A with their Form 3520, the substitute Form 3520A was due by the due date of Form 3520. In turn, pursuant to the Internal Revenue Service's instructions for Preparation and Filing of

Form 3520, if the individual taxpayer who is a U.S. citizen or resident and are granted and extension of time to file their U.S. income tax return, the due date of filing Form 3520 is no later than the 15th day of the 10th month (October 15) following the end of their tax year. (attached hereto as Exhibit "B"), Petitioners in fact did file for an automatic six month extension for filing of their 1040 income tax return for tax year 2017. See Extension Application for Petitioners' 1040 income tax return attached hereto as Exhibit "C".

For tax year 2017, Petitioners, through their U.S. agent, filed both their Form 3520 and Form 3520A on or about October 15, 2018 with the Internal Revenue Service Center in Ogden, Utah as required. Both returns were delivered by Federal Express overnight mail for afternoon delivery and were received by the Ogden Service Center on October 15, 2018. Petitioners do not have proof of delivery due to Federal Express not maintaining records of delivery more than two years after date of shipment. However, Petitioners did maintain a copy of the Form 7004, Request for Extension of Time for filing of the returns, and a copy is attached as Exhibit "D".

On or about April 5, 2021, the Internal Revenue Service issued a CP15 Notice of Penalty Change to Petitioners for tax year 2017, assessing a civil penalty under Section 6617 of the Internal Revenue Code ("IRC") for late filing of Form 3520A in the amount of $10,013.17. This penalty was based upon the taxpayers' alleged late filing of the Form 3520A return with the standard late filing penalty being $10,000 with additional interest computed thereon.

After receiving the notice, Petitioners had their U.S. agent, Lawrence A. Caplan, P.A, prepare a Form 843 Claim for Refund and Request for Abatement, which they signed and filed on or about April 15, 2021. See attached Form 843- Claim for Refund and Request for Abatement (Exhibit "E"). This Claim for Refund and Request for Abatement was subsequently denied by the Service. The Petitioners subsequently sought to have their case reviewed on appeal

by the IRS Appeals Unit and also asked for the IRS Taxpayer Advocate Service to intervene upon their behalf.

On or about July 22, 2022, Petitioners and their U.S. Agent had an IRS appeals telephone call with IRS Appeals Office Kristine McElvain who was operating out of the IRS Atlanta Appeals Office. Petitioners and their US Agent were given the opportunity to explain their position regarding the late filing civil penalty which they did.  The taxpayers' counsel who prepared the returns had undergone major brain surgery in late spring and had closed his office for some time prior to preparing the return. It should be noted that the entire $10013.17 penalty had been paid by means of the IRS withholding a refund of income tax paid on the Petitioners' subsequent income tax return. See attached notice of application of overpayment to unpaid balance-2020 (Exhibit "F")

As Petitioners believe that they actually filed the 2017 Form 3520A in a timely manner according to the specific IRS instructions for preparation and filing of Forms 3520 and 3520A, and even if they did not, their failure to do so would have been by less than three full weeks, they do not believe that the egregious civil penalty should be applied to them in this case. It should be noted that the extension for filing the Form 3520 (if not dual filed as an attachment to Form 3520) is only five months, the extension for filing a taxpayer's personal 1040 tax return is actually six months. In any event, even if Plaintiffs had not dual filed their Form 3520A as an attachment to their Form 3520 (which they actually did) had a six month extension applied then their Form 3520A return would have been considered timely filed.

## CLAIM FOR REFUND

### I.     Form 3520-A Was Actually Not Due Until October 15, 2018

Counsel for Petitioners has previously submitted a sworn affidavit to the Internal Revenue Service attesting that the Form 3520-A for Petitioners was filed with the IRS Ogden Service Center on October 15, 2018. Previously, this was thought to have been filed eight weeks late as the parties were operating under the assumption that the return was due on August 15, 2018 or five months after the original due date for the return (with a request extension-Form 7004 filed on or before March 15, 2019). A copy of this Affidavit is attached as Exhibit "G".

However, pursuant to the instructions for filing Form 3520-A promulgated by the Internal Revenue Service, "if you are filing a substitute Form 3520-A with your Form 3520, then your substitute Form 3520-A is due by the due date of Form 3520. See the Instructions for Form 3520 for the due date of Form 3520."

In turn, the instructions for filing Form 3520 date that "If you are an individual who is a US citizen or resident and are granted an extension of time to file your income tax return, the due date for filing Form 3520 is no later than the 15th day of the 10th month (October 15) following the end of your tax year." Based upon these instructions, Petitioners' Form 3520-A should have been due on or before October 15, 2018, and not August 15, 2018 as previously assumed. .

As the affidavit of Petitioners' counsel stated that he delivered the signed Form 3520-A to the IRS Ogden Service Center on October 15, 2018. then the Form was filed on time based upon the IRS instructions and the penalty should be reversed.

II.       **Even if Petitioners' Form 3520-A Return Was Determined to have been Filed Late, the Amount of Foreign Trust Income Attributable to Petitioners/Taxpayers was De Minimis and should not have resulted in such an Egregious Penalty**

Even if it is determined that the aforementioned arguments do not apply to Petitioners and that they filed their Form 3520-A return late by a number of weeks, the total amount of foreign trust income attributable to Petitioners/Taxpayers was indeed "de minimis" and did not justify the imposition of an egregious penalty of over $10,000.

Petitioners' Form 3520-A indicates that the RTM Trust had gross income from partnerships and fiduciaries of $1931777 in tax year 2017 with expenses totaling $2424631, for a net income loss of ($492854), and that was the sole source of trust income for that tax year.  See Petitioners Form 3520-A for tax year 2017 (Exhibit "H") As a result there was no income tax owed in tax year 2017 by the RTM Trust.

As a result, the total civil penalty for late filing of the Form 3520-A, which under the analysis least favorable to Petitioners would have the return being filed eight weeks late, is more than the actual total trust income for tax year 2017 by over $10,000. This represents an egregious and substantial penalty which constituted a grave hardship to Petitioners. Petitioners note that they never before had been subject to any late filing or late paying civil penalty assessed by the Internal Revenue Service, and have been fully compliant since 2017. As such, Petitioners believe that the late filing penalty assessed against them should be waived or greatly reduced as a result of the minimal trust income generated by the RTM Trust in tax year 2017.

III.   <u>**Compliance with Statute of Limitations for Filing Refund Claims**</u>

Under 28 U.S.C. §1346(a)(1) and I.R.C. Section 7422, there are strict statutory requirements for filing refund claims. The initial claim for refund, which is defined as the filing of the Form 843 Claim for Refund and Request for Abatement, must be filed no later than 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later. In this specific case, the return in question was filed in October, 2018 and the tax was paid by means of withholding of a refund from Petitioners' tax return in 2020. See Account Transcript for tax year 2017 dated October 31, 2023  (Exhibit "H") and attached hereto.

The Claim for Refund and Request for Abatement was filed by the Petitioners with the Internal Revenue Service on April 15, 2021, or well within both the three year period from filing the Form 3520-A for tax year 2017, as well as the two year period from the actual payment of the civil penalty assessed. As such, Petitioners initiated their claim for refund within the prescribed statute of limitations period as established under 28 U.S.C. § 1346(a)(1) and I.R.C. Section 7422.

IV.   <u>**Conclusion**</u>

If the Petitioners are determined to have filed their Form 3520-A for tax year 2017 as a supplement to their filing of their Form 3520 for the same tax year, then under the specific instructions for filing the Form 3520 return, assuming the Petitioners filed an extension for filing of the personal tax return for tax year 2017, which they did, then their Form 3520 with the 3520-A supplement was actually not due until October 15, 2018, and Petitioners were in compliance.

Finally, even if neither of the above circumstances had been deemed to be applicable to Petitioners, the total net trust income for the RTM Trust in tax year 2017, i.e. approximately $_____, did not in any way justify the imposition of a civil late filing penalty which exceeded the total amount of foreign trust income by more than $_____. In the event that neither of the above circumstances are found to apply to Petitioners, then they contend that the total civil penalty assessed against them should either be waived or reduced significantly so that it is in line with the net amount of net foreign trust income generated by the RTM Trust.

Dated: April 9, 2024

Respectfully submitted,

LAWRENCE A. CAPLAN, P.A.
1598 SW 21st Lane
Boca Raton, FL 33486
Telephone: 561.245.0763
E-Mail: lacaplanlaw@bellsouth.net

By:ss/*lawrencecaplan/s*
Florida Bar No. 400531

EXHIBIT A

# Instructions for Form 3520-A

Department of the Treasury
**Internal Revenue Service**

## (Rev. December 2023)

### Annual Information Return of Foreign Trust With a U.S. Owner

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about developments related to Form 3520-A and its instructions, such as legislation enacted after they were published, go to *IRS.gov/ Form3520A*.

## What's New

**Continuous-use form and instructions.** Form 3520-A and these instructions have been converted from an annual revision to continuous use. Both the form and instructions will be updated as needed. For the most recent version, go to *IRS.gov/Form3520A*.

**Tax year and statements.** You are required to enter the tax year at the top of the first page and all statements. For a fiscal-year filer, enter the tax year that the fiscal tax year begins with on all statements.

## Reminders

**Exemption from information reporting under section 6048.** Rev. Proc. 2020-17 exempts from foreign trust information reporting certain eligible individuals' transactions and ownership. See *Exceptions To Filing*, later.

# General Instructions

## Purpose of Form

Form 3520-A is the annual information return of a foreign trust with at least one U.S. owner. The form provides information about the foreign trust, its U.S. beneficiaries, and any U.S. person who is treated as an owner of any portion of the foreign trust under the grantor trust rules (sections 671 through 679).

## Who Must File

A foreign trust with a U.S. owner must file Form 3520-A in order for the U.S. owner to satisfy its annual information reporting requirements under section 6048(b). Each U.S. person treated as an owner of any portion of a foreign trust under the grantor trust rules (sections 671 through 679) is responsible for ensuring that the foreign trust files Form 3520-A and furnishes the required annual statements to its U.S. owners and U.S. beneficiaries. If a foreign trust fails to file Form 3520-A, the U.S. owner must complete and attach a substitute Form 3520-A for the foreign trust to the U.S. owner's Form 3520, Annual Return To Report Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts, by the due date of the U.S. owner's Form 3520 (and not the due date for the Form 3520-A, which is otherwise due by the 15th day of the 3rd month after the end of the trust's tax year) in order to avoid being subject to the penalty for the foreign trust's failure to file a Form 3520-A. See *Line 22* in the *Instructions for Form 3520*. See *Penalties*, later.

## Exceptions To Filing

Rev. Proc. 2014-55 exempts from foreign trust information reporting certain Canadian retirement plans, including Canadian registered retirement savings plans (RRSPs) and Canadian registered retirement income funds (RRIFs), regardless of whether you are an eligible individual described in section 4.01 of Rev. Proc. 2014-55. For more information about whether your Canadian retirement plan qualifies for an exemption from foreign trust information reporting, see sections 3 and 5 of Rev. Proc. 2014-55, 2014-44 I.R.B. 753, available at *IRS.gov/IRB/2014-44_IRB#RP-2014-55*.

Rev. Proc. 2020-17 exempts from foreign trust information reporting certain eligible individuals' transactions with, and ownership of, certain tax-favored foreign trusts that are established and operated exclusively or almost exclusively to provide pension or retirement benefits, or to provide medical, disability, or educational benefits. For more information about whether you are an eligible individual, and whether your foreign trust qualifies for an exemption from foreign trust information reporting, see section 5 of Rev. Proc. 2020-17, 2020-12 I.R.B. 539, available at *IRS.gov/IRB/2020-12_IRB#REV-PROC-2020-17*.

The exemptions from foreign trust information reporting described in Rev. Proc. 2014-55 and Rev. Proc. 2020-17 do not affect any reporting obligations under section 6038D or under any other provision of the U.S. law, including the requirement to file Financial Crimes Enforcement (FinCEN) Form 114, Report of Foreign Bank and Financial Accounts (FBAR), imposed by 31 U.S.C. section 5314 and the regulations thereunder. For more information, go to *IRS.gov/FBAR*.

## When and Where To File

File a complete Form 3520-A (including the statements on pages 3 through 5) with the Internal Revenue Service Center, P.O. Box 409101, Ogden, UT 84409, by the 15th day of the 3rd month after the end of the trust's tax year. However, if you are filing a substitute Form 3520-A with your Form 3520, then your substitute Form 3520-A is due by the due date of Form 3520. See the *Instructions for Form 3520* for the due date of the Form 3520. Give copies of the **Foreign Grantor Trust Owner Statement** (pages 3 and 4 of Form 3520-A) and the **Foreign Grantor Trust Beneficiary Statement** (page 5 of Form 3520-A) to the U.S. owners and U.S. beneficiaries by the 15th day of the 3rd month after the end of the trust's tax year, or later if an extension of time to file is granted or if filing a substitute Form 3520-A.

Cat. No. 25096U

An automatic 6-month extension of time to file Form 3520-A (including the statements on pages 3 through 5) will be granted by filing a properly completed Form 7004, Application for Automatic Extension of Time To File Certain Business Income Tax, Information, and Other Returns, with the foreign trust's employer identification number (EIN) by the 15th day of the 3rd month after the end of the trust's tax year. For details, see *Form 7004*.

**Note.** An extension of time to file an income tax return will not provide an extension of time to file Form 3520-A. Form 7004 with the foreign trust's EIN must be filed in order to request an extension of time to file Form 3520-A.

Form 3520-A must have all required attachments to be considered complete.

## Who Must Sign

If the return is filed by:
• An individual or fiduciary, it must be signed and dated by that individual or fiduciary;
• A partnership, it must be signed and dated by a general partner or limited liability company member; or
• A corporation, it must be signed and dated by the president, vice president, treasurer, assistant treasurer, chief accounting officer, or any other corporate officer (such as a tax officer) authorized to sign.

**Note.** If the return is a substitute Form 3520-A that is being completed by the U.S. owner and attached to the U.S. owner's Form 3520, then the U.S. owner must sign and date the return and provide the U.S. owner's name and taxpayer identification number (TIN) on the "**Title**" line of the signature box. For more information about the requirements to file a substitute Form 3520-A, see *Line 22* in the *Instructions for Form 3520*.

The paid preparer must complete the required preparer information and:
• Sign the return in the space provided for the preparer's signature, and
• Give a copy of the return to the filer.

## Inconsistent Treatment of Items

The U.S. beneficiary's and U.S. owner's tax returns must be consistent with the Form 3520-A filed by the foreign trust unless you report the inconsistency to the IRS. If the U.S. beneficiaries or U.S. owners are treating items on their tax returns differently from the way the foreign trust treated them on its return, they must file Form 8082, Notice of Inconsistent Treatment or Administrative Adjustment Request (AAR). See *Form 8082* for more details.

## Penalties

The U.S. owner is subject to an initial penalty equal to the greater of $10,000 or 5% of the gross value (defined later) of the portion of the trust's assets treated as owned by the U.S. person at the close of that tax year if the foreign trust (a) fails to file a timely Form 3520-A, or (b) does not furnish all of the information required by section 6048(b) or includes incorrect information. See section 6677(a) through (c).

If a foreign trust fails to file a Form 3520-A, the U.S. owner must complete and attach a substitute Form

3520-A to the U.S. owner's Form 3520 by the due date of the U.S. owner's Form 3520 (and not the due date for Form 3520-A) in order to avoid being subject to a penalty for the foreign trust's failure to file a Form 3520-A. For example, a substitute Form 3520-A that, to the best of the U.S. owner's ability, is completed and attached to the U.S. owner's Form 3520 by the due date for the Form 3520 (such as April 15 for the U.S. owners who are individuals) is considered timely filed.

Additional penalties will be imposed if the noncompliance continues for more than 90 days after the IRS mails a notice of failure to comply with the required reporting. If the IRS can determine the gross value (defined later) of the portion of the trust's assets treated as owned by the U.S. person at the close of the tax year, then the penalties will be reduced as necessary to assure that the aggregate amount of such penalties does not exceed the gross value of the trust. For more information, see section 6677.

Criminal penalties may be imposed under sections 7203, 7206, and 7207 for failure to file on time and for filing a false or fraudulent return.

**Note.** If a U.S. owner of a foreign trust is subject to a penalty imposed under section 6662 for an underpayment of tax required to be shown on a return, then such penalty may be increased under section 6662(j) for any portion of an underpayment that is attributable to any transaction involving any asset with respect to which information was required to be provided on Form 3520-A. For more information about undisclosed foreign financial asset understatements, see section 6662(j).

**Reasonable cause.** No penalties will be imposed if the taxpayer can demonstrate that the failure to comply with the reporting requirements was due to reasonable cause and not willful neglect.

**Note.** The fact that a foreign country would impose penalties for disclosing the required information is not reasonable cause. Similarly, reluctance on the part of a foreign fiduciary or provisions in the trust instrument that prevent the disclosure of required information is not reasonable cause. See section 6677(d).

## Definitions

### Distribution

A distribution received directly or indirectly from a foreign trust for section 6048(c) reporting purposes is any gratuitous transfer of money or other property from a foreign trust, whether or not a portion of such trust is treated as a grantor trust under the grantor trust rules of sections 671 through 679, and without regard to whether the recipient is designated as a beneficiary by the terms of the trust. A distribution includes the receipt of trust corpus and the receipt of a gift or bequest described in section 663(a).

A distribution also includes constructive transfers from a foreign trust. For example, if charges you make on a credit card are paid by a foreign trust or guaranteed or secured by the assets of a foreign trust, the amount charged will be treated as a distribution to you by the

**Instructions for Form 3520-A (Rev. 12-2023)**

# Instructions for Form 3520



Department of the Treasury
**Internal Revenue Service**

## (Rev. December 2023)

### Annual Return To Report Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about developments related to Form 3520 and its instructions, such as legislation enacted after they were published, go to *IRS.gov/Form3520*.

## What's New

**Continuous-use form and instructions.** Form 3520 and these instructions have been converted from an annual revision to continuous use. Both the form and instructions will be updated as needed. For the most recent version, go to *IRS.gov/Form3520*.

## Reminder

**Exemption from information reporting under section 6048.** Rev. Proc. 2020-17 exempts from foreign trust information reporting certain eligible individuals' transactions and ownership. See *Exceptions To Filing*, later.

## General Instructions

### Purpose of Form

U.S. persons (and executors of estates of U.S. decedents) file Form 3520 with the IRS to report:
• Certain transactions with foreign trusts,
• Ownership of foreign trusts under the rules of sections 671 through 679, and
• Receipt of certain large gifts or bequests from certain foreign persons.

A separate Form 3520 must be filed for transactions with **each** foreign trust.

### Who Must File

File Form 3520 if any one or more of the following apply.

1. You are the responsible party for reporting a reportable event that occurred during the current tax year, or you are a U.S. person who transferred property (including cash) to a related foreign trust (or a person related to the trust) in exchange for an obligation or you hold a qualified obligation from that trust that is currently outstanding. For definitions, see *Responsible Party*, *Reportable Event*, *Qualified Obligation*, and *Person related to a foreign trust*, later.

Complete the identifying information on page 1 of the form and the relevant portions of Part I. See the instructions for *Part I*.

2. You are a U.S. person who, during the current tax year, is treated as the owner of any part of the assets of a foreign trust under the rules of sections 671 through 679. U.S. *person* and *owner* are defined later.

Complete the identifying information on page 1 of the form and Part II. See the instructions for *Part II*.

**Note.** You are required to complete Part II even if there have been no transactions involving the trust during the tax year. You may also be required to complete a substitute Form 3520-A, Annual Information Return of Foreign Trust With a U.S. Owner, and attach it to your Form 3520. See *Penalties*, later.

3. You are a U.S. person (including a U.S. owner) or an executor of the estate of a U.S. person who received, directly or indirectly, a distribution from a foreign trust during the current tax year; or you are a U.S. person who is a U.S. owner or beneficiary of a foreign trust and in the current tax year you or a U.S. person related to you received (1) a loan of cash or marketable securities (including an extension of credit) directly or indirectly from such foreign trust, or (2) the uncompensated use of trust property; or you are a U.S. person who is a U.S. owner or beneficiary of a foreign trust and in the current tax year such foreign trust holds an outstanding qualified obligation of yours or a U.S. person related to you. For definitions, see *U.S. Person*, *Owner*, *Distribution*, *U.S. Beneficiary*, and *Related Person*, later.

Complete the identifying information on page 1 of the form and Part III. In the case of a U.S. person that is an estate, check "Executor" on line B on page 1. See the instructions for *Part III*.

4. You are a U.S. person who, during the current tax year, received either:

a. More than $100,000 from a nonresident alien individual or a foreign estate (including foreign persons related to that nonresident alien individual or foreign estate) that you treated as gifts or bequests; or

b. More than the section 6039F threshold amount from foreign corporations or foreign partnerships (including foreign persons related to such foreign corporations or foreign partnerships) that you treated as gifts. The threshold amount is available at *IRS.gov/Newsroom/Inflation-Adjusted-Tax-Items-by-Tax-Year*. Select the applicable tax year news release, then click on the Rev. Proc. link and search for section 6039F to see the threshold amount under Notice of Large Gifts Received from Foreign Persons.

Complete the identifying information on page 1 of the form and Part IV. See the instructions for *Part IV*.

**Note.** You may be required to file Financial Crimes Enforcement Network (FinCEN) Form 114, Report of Foreign Bank and Financial Accounts (FBAR). In addition, you may be required to file Form 8938, Statement of Specified Foreign Financial Assets. For more information, go to *IRS.gov/FBAR*.

### Exceptions To Filing

Form 3520 does not have to be filed to report the following transactions.
• Transfers to foreign trusts described in section 402(b), 404(a)(4), or 404A.
• Most fair market value (FMV) transfers by a U.S. person to a foreign trust. However, some FMV transfers must nevertheless be reported on Form 3520 (for example,

Cat. No. 23068I

transfers in exchange for obligations that are treated as qualified obligations, transfers of appreciated property to a foreign trust for which the U.S. transferor does not immediately recognize all of the gain on the property transferred, and transfers involving a U.S. transferor that is related to the foreign trust). See section III of Notice 97-34, 1997-25 I.R.B. 22, available at *IRS.gov/pub/irs-irbs/irb97-25.pdf*.

• Transfers to foreign trusts that have a current determination letter from the IRS recognizing their status as exempt from income taxation under section 501(c)(3).

• Transfers to, ownership of, and distributions from a Canadian registered retirement savings plan (RRSP), a Canadian registered retirement income fund (RRIF), or any other Canadian retirement plan that is within the meaning of section 3 of Rev. Proc. 2014-55. See Rev. Proc. 2014-55, 2014-44 I.R.B. 753, available at *IRS.gov/IRB/2014-44_IRB#RP-2014-55*.

• Certain eligible individuals' transfers to, ownership of, and distributions from certain tax-favored foreign retirement trusts and certain tax-favored foreign nonretirement savings trusts, as described in section 5 of Rev. Proc. 2020-17. For more information about whether you are an eligible individual and whether your foreign trust qualifies for an exemption from foreign trust information reporting, see Rev. Proc. 2020-17, 2020-12 I.R.B. 539, available at *IRS.gov/IRB/2020-12_IRB#REV-PROC-2020-17*.

• Deemed transfers from domestic trusts that become foreign trusts to the extent the trust is treated as owned by a foreign person, after application of section 672(f).

• Distributions from foreign trusts that are taxable as compensation for services rendered (within the meaning of section 672(f)(2)(B) and its regulations), so long as the recipient reports the distribution as compensation income on its applicable federal income tax return.

• Distributions from foreign trusts to domestic trusts that have a current determination letter from the IRS recognizing their status as exempt from income taxation under section 501(c)(3).

## Joint Returns

If you and your spouse are filing a joint income tax return for the current tax year, and you are both transferors, grantors, or beneficiaries of the same foreign trust, then you may file a joint Form 3520 for the same tax year. If you and your spouse are filing a joint Form 3520, check the box on line 1i on page 1.

## Additional Reporting and Tax Information

For more information on foreign trust reporting and tax consequences, go to the IRS website at *IRS.gov/ForeignTrust*.

## When and Where To File

In general, a U.S person's Form 3520 is due on the 15th day of the 4th month following the end of such person's tax year for income tax purposes. If a U.S. person is granted an extension of time to file an income tax return, Form 3520 is due no later than the 15th day of the 10th month following the end of the U.S. person's tax year.

**Note.** This may differ from and is not tied to the due date of the U.S. person's income tax return.

If you are an individual who is a U.S. citizen or resident who satisfies one of the following conditions on the due date of your income tax return, then your Form 3520, which would generally be due on the 15th day of the 4th month (April 15) following the end of your tax year for income tax purposes, is instead due on the 15th day of the 6th month (June 15) following the end of that year. You must include a statement on the Form 3520 showing that you are a U.S. citizen or resident who meets one of these conditions.

• You live outside of the United States and Puerto Rico and your place of business or post of duty is outside the United States and Puerto Rico.

• You are in the military or naval service on duty outside the United States and Puerto Rico.

If you are an individual who is a U.S. citizen or resident and are granted an extension of time to file your income tax return, the due date for filing Form 3520 is no later than the 15th day of the 10th month (October 15) following the end of your tax year.

If you are filing a Form 3520 for a U.S. decedent, the due date is the 15th day of the 4th month (April 15) following the end of the decedent's last tax year for income tax purposes. If the U.S. decedent is granted an extension of time to file their income tax return, then the due date for filing Form 3520 is no later than the 15th day of the 10th month (October 15) following the end of decedent's last tax year.

If you are filing a Form 3520 for a U.S. decedent's estate, the due date is the 15th day of the 4th month following the end of the estate's tax year for income tax purposes. If the U.S. decedent's estate is granted an extension of time to file its income tax return, then the due date for filing Form 3520 is no later than the 15th day of the 10th month following the end of the estate's tax year.

If the due date falls on a Saturday, Sunday, or legal holiday, file by the next day that is not a Saturday, Sunday, or legal holiday.

Send Form 3520 to the following address.

Internal Revenue Service Center
P.O. Box 409101
Ogden, UT 84409

Form 3520 must have all required attachments to be considered complete.

If a complete Form 3520 is not filed by the due date, including extensions, the time for assessment of any tax imposed with respect to any event or period to which the information required to be reported in Parts I through III of such Form 3520 relates will not expire before the date that is 3 years after the date on which the required information is reported. See section 6501(c)(8).

## Who Must Sign

If the return is filed by:

• An individual or a fiduciary, it must be signed and dated by that individual or fiduciary;

• A partnership, it must be signed and dated by a general partner or limited liability company member; or

• A corporation, it must be signed and dated by the president, vice president, treasurer, assistant treasurer, chief accounting officer, or any other corporate officer (such as a tax officer) who is authorized to sign.

Instructions for Form 3520 (Rev. 12-2023)

EXHIBIT "A"

# Form 7004
(Rev. December 2017)
Department of the Treasury
Internal Revenue Service

## Application for Automatic Extension of Time To File Certain
## Business Income Tax, Information, and Other Returns

▶ File a separate application for each return.

▶ Go to www.irs.gov/Form7004 for instructions and the latest information.

OMB No. 1545-0233

**Print or Type**

Name
*RTM TRUST*

Identifying number
*84-252.8661*

Number, street, and room or suite no. (If P.O. box, see instructions.)
*C/O FORBES HARE TRUST CO., CASSIA COURT, 10 MARKET ST, SUITE 716*

City, town, state, and ZIP code (If a foreign address, enter city, province or state, and country (follow the country's practice for entering postal code)).
*GRAND CAYMAN, CAYMAN ISLANDS, KY-1-9006 (BVI)*

**Note:** File request for extension by the due date of the return. See instructions before completing this form.

## Part I   Automatic Extension for Certain Business Income Tax, Information, and Other Returns. See instructions.

**1** Enter the form code for the return listed below that this application is for . . . . . . . . . . .

| Application Is For: | Form Code | Application Is For: | Form Code |
|---|---|---|---|
| Form 706-GS(D) | 01 | Form 1120-ND | 19 |
| Form 706-GS(T) | 02 | Form 1120-ND (section 4951 taxes) | 20 |
| Form 1041 (bankruptcy estate only) | 03 | Form 1120-PC | 21 |
| Form 1041 (estate other than a bankruptcy estate) | 04 | Form 1120-POL | 22 |
| Form 1041 (trust) | 05 | Form 1120-REIT | 23 |
| Form 1041-N | 06 | Form 1120-RIC | 24 |
| Form 1041-QFT | 07 | Form 1120S | 25 |
| Form 1042 | 08 | Form 1120-SF | 26 |
| Form 1065 | 09 | Form 3520-A | 27 |
| Form 1065-B | 10 | Form 8612 | 28 |
| Form 1066 | 11 | Form 8613 | 29 |
| Form 1120 | 12 | Form 8725 | 30 |
| Form 1120-C | 34 | Form 8804 | 31 |
| Form 1120-F | 15 | Form 8831 | 32 |
| Form 1120-FSC | 16 | Form 8876 | 33 |
| Form 1120-H | 17 | Form 8924 | 35 |
| Form 1120-L | 18 | Form 8928 | 36 |

## Part II   All Filers Must Complete This Part

**2** If the organization is a foreign corporation that does not have an office or place of business in the United States, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**3** If the organization is a corporation and is the common parent of a group that intends to file a consolidated return, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

If checked, attach a statement listing the name, address, and employer identification number (EIN) for each member covered by this application.

**4** If the organization is a corporation or partnership that qualifies under Regulations section 1.6081-5, check here . ▶ ☐

**5a** The application is for calendar year 20___, or tax year beginning ___, 20___, and ending ___, 20___

**b** **Short tax year.** If this tax year is less than 12 months, check the reason: ☐ Initial return ☐ Final return ☐ Change in accounting period ☐ Consolidated return to be filed ☐ Other (see instructions—attach explanation)

| | | |
|---|---|---|
| **6** Tentative total tax . . . . . . . . . . . . . . . . | **6** | ∅ |
| **7** Total payments and credits (see instructions) . . . . . . . | **7** | ∅ |
| **8** Balance due. Subtract line 7 from line 6 (see instructions) . . . . | **8** | ∅ |

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.   Cat. No. 13804A   Form **7004** (Rev. 12-2017)

EXHIBIT C

**Form 843**
(Rev. August 2011)
Department of the Treasury
Internal Revenue Service

## Claim for Refund and Request for Abatement

► See separate instructions.

OMB No. 1545-0024

Use Form 843 if your claim or request involves:
(a) a refund of one of the taxes (other than income taxes or an employer's claim for FICA tax, RRTA tax, or income tax withholding) or a fee, shown on line 3;
(b) an abatement of FUTA tax or certain excise taxes, or
(c) a refund or abatement of interest, penalties, or additions to tax for one of the reasons shown on line 5a.

Do not use Form 843 if your claim or request involves:
(a) an overpayment of income taxes or an employer's claim for FICA tax, RRTA tax, or income tax withholding (use the appropriate amended tax return);
(b) a refund of excise taxes based on the nontaxable use or sale of fuels, or
(c) an overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| | |
|---|---|
| Name(s)<br>Robert T. Marema | Your social security number<br>342528661 |
| Address (number, street, and room or suite no.)<br>128 Spoonbill Point Ct | Spouse's social security number |
| City or town, state, and ZIP code<br>St. Augustine, FL 32080 | Employer identification number (EIN) |
| Name and address shown on return if different from above | Daytime telephone number |

**1 Period.** Prepare a separate Form 843 for each tax period or fee year.
From __January 1, 2017__ to __December 31, 2017__

**2 Amount** to be refunded or abated:
$ 10,000.00

**3 Type of tax or fee.** Indicate the type of tax or fee to be refunded or abated or to which the interest, penalty, or addition to tax is related.
☐ Employment   ☐ Estate   ☐ Gift   ☐ Excise   ☑ Income   ☐ Fee

**4 Type of penalty.** If the claim or request involves a penalty, enter the Internal Revenue Code section on which the penalty is based (see instructions). IRC section: __6677__

**5a Interest, penalties, and additions to tax.** Check the box that indicates your reason for the request for refund or abatement. (If none apply, go to line 6.)
☐ Interest was assessed as a result of IRS errors or delays.
☐ A penalty or addition to tax was the result of erroneous written advice from the IRS.
☑ Reasonable cause or other reason allowed under the law (other than erroneous written advice) can be shown for not assessing a penalty or addition to tax.

**b** Date(s) of payment(s) ►

**6 Original return.** Indicate the type of fee or return, if any, filed to which the tax, interest, penalty, or addition to tax relates.
☐ 706   ☐ 709   ☐ 940   ☐ 941   ☐ 943   ☐ 945
☐ 990-PF   ☐ 1040   ☐ 1120   ☐ 4720   ☐ Other (specify) ► 3520-A

**7 Explanation.** Explain why you believe this claim or request should be allowed and show the computation of the amount shown on line 2. If you need more space, attach additional sheets.

Taxpayer's counsel, Lawrence Caplan, underwent complex brain surgery in April 2018 (see attached), and he was disabled for a number of months. A request for extension (Form 7704) was filed timely and the return was delivered by overnight courier (FedEx) on in September, 2018 (see attached) and delivered to the Ogden Service Center. No tax was owed with this return and the taxpayer is fully compliant as to all taxes owed for tax year 2017. Counsel believes that taxpayer should be eligible for a waiver of the penalties assessed for tax year 2017 due to reasonable cause and the fact that the return was in fact filed in September, 2018.

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the officer's title must be shown.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| Signature (Title, if applicable. Claims by corporations must be signed by an officer.) | Date 4/19/2021 |
|---|---|
| Signature (spouse, if joint return) | Date |

| Paid Preparer Use Only | Print/Type preparer's name<br>Lawrence Caplan | Preparer's signature | Date 4/19/21 | Check ☐ if self-employed | PTIN P3222678 |
|---|---|---|---|---|---|
| | Firm's name ► Lawrence A. Caplan, P.A. | | | Firm's EIN ► | |
| | Firm's address ► 1375 Gateway Blvd., Boynton Beach, FL 33426 | | | Phone no. 561.245.0763 | |

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.   Cat. No. 10180R   Form **843** (Rev. 8-2011)



**UNIVERSITY OF MIAMI**
**MILLER SCHOOL**
**of MEDICINE**

Chairman:
Allan D. Levi, M.D., Ph.D.

Co-Chair:
Jacques J. Morcos, M.D.

Neurosurgery Faculty:
Ronald Benveniste, M.D., Ph.D.
Sanjiv Bhatia, M.D.
Ian Côté, M.D.
Barth A. Green, M.D.
Roberto C. Heros, M.D.
Michael Ivan, M.D.
Jonathan R. Jagid, M.D.
Ricardo J. Komotar, M.D.
Howard J. Landy, M.D.
Howard B. Levene, M.D., Ph.D.
Glen Manzano, M.D.
Heather McCrea, M.D., Ph.D.
Glenn Morrison, M.D.
Toba Niazi, M.D.
Eric C. Peterson, M.D.
John Ragheb, M.D.
Robert Starke, M.D.
Steven Vanni, D.O., D.C.
Michael Y. Wang, M.D.

Scientific Director:
W. Dalton Dietrich, Ph.D.

Research Faculty:
Rassam Al-Ali, Ph.D.
Coleen Atkins, Ph.D.
Nancy Brackett, Ph.D.
Roberta Brambilla, Ph.D.
Helen M. Bramlett, Ph.D.
M. Ross Bullock, M.D., Ph.D.
Mary B. Bunge, Ph.D.
Mousumi Ghosh, Ph.D.
James Guest, M.D., Ph.D.
Gillian A. Hotz, Ph.D.
Jae Lee, Ph.D.
Vance Lemmon, Ph.D.
Daniel Liebl, Ph.D.
Paula Monje, Ph.D.
Mark Nash, Ph.D.
Brian Noga, Ph.D.
Martin Oudega, Ph.D.
Pride Rivero Vaccari, Ph.D.
Kyung Park, Ph.D.
Damien Pearse, Ph.D.
Monica Perez, P.T., Ph.D.
Jacqueline Sagen, Ph.D.
Pantelis Tsoulfas, M.D.
Eva W. Noga, D.D.S., Ph.D.

June 11, 2019

National Life Group
Montpelier, VT
Via ElectronicMail

Re: Caplan, Lawrence-Patient- University of Miami Brain and Spine Center

Dear Sirs:

Lawrence Caplan has been a patient of mine since March, 2019, when he was diagnosed once again with an extremely rare papillary tumor of the pineal region. Mr. Caplan originally underwent third ventriculostomy surgery at Boca Raton Regional Hospital in April, 2018. This surgery consisted of a biopsy to determine the type of tumor as well as a ventriculostomy in order to resolve acute hydrocephalus created by the tumor blocking the regular pathway for cerebrospinal fluid (CSF) to exit the brain. After the surgery, in May, 2018, Mr. Caplan had three days of Cyberknife radiation in order to attempt to reduce the size of the tumor, which was partially successful.

Since last year, Mr. Caplan has been accepted into a study on rare CNS tumors by the National Institute of Health (NIH) in Bethesda, MD, which is an agency of the federal government. In February, 2019, he had an MRI of the brain performed which indicated that the tumor was likely regrowing and additional surgery was recommended in order to remove the tumor even though it was located in the midbrain and directly adjacent to the brainstem. Mr. Caplan returned to his home in South Florida and opted to undergo complex brain surgery at University of Miami Brain and Spine Center with myself as his primary neurosurgeon.

Mr. Caplan underwent eight hours of complex brain surgery on March 14, 2019 which was deemed successful as the entire pineal tumor was removed. Pathology of the tumor showed that it was still localized in the brain. However, about ten days after having the tumor removed, Mr. Caplan experienced drainage from the back of his skull and had to have an emergency spinal procedure performed at Jackson Memorial Hospital in order to stop the drainage of CSF from his skull. Subsequently, my team implanted a ventricular-peritoneal shunt (VP Shunt) running from the top of his skull down to his abdomen in order to resolve the drainage problem and provide for proper drainage of the CSF. This additional surgery took place on April 1, 2019.

A number of days after the shunt was implanted and the problem resolved, Mr. Caplan was released from the hospital and sent home for further rest and rehabilitation. On or

Department of Neurological Surgery
Lois Pope LIFE Center   |   1095 NW 14ᵗʰ Terrace (D-4-6)   |   Miami, FL 33136
Phone: (305) 243-6946   |   Toll Free: 1-(800) 996-3765   |   Fax:(305) 243-3337

 

about May 14, 2019, Mr. Caplan was diagnosed with a staph infection in the rear of his skull and he had to go to the Jackson Memorial Hospital emergency room for treatment. After a number of tests were performed, he was placed on a strong two week course of antibiotics (Augmentin). It should be noted that during his last visit, the VP Shunt was adjusted so that it would operate at a slightly weaker level as Mr. Caplan has been experiencing severe headaches since release from the hospital. As of June 10th, Mr. Caplan has experienced a second infection in the back of his skull and is taking a second two week course of Augmentin as of today including diplopia

Since his release from the hospital in early April, Mr. Caplan has been unable to go back to work due to the effects of the initial surgery and various complications. As a result of the severity of the two surgeries, coupled with the extremely rare nature of the tumor itself for which there is little data, it is doubtful that Mr. Caplan will ever be able to return to work on a full-time basis. He continues to suffer from headaches which come on at various times of the day and which seem to be exacerbated by performance of work related tasks including reading and writing. He also seems to suffer from ongoing vision issues including diplopia which would seem to be related in part to the surgeries.

In any event, while Mr. Caplan may be able to perform some work related tasks on a part time basis, it is my clinical opinion that he will not be able to return to the full time practice of law at any point in the foreseeable future. While he may be able to provide general guidance and some part time assistance on various matters, the severity of the brain surgeries as well as the unknown long term activity of this very rare type of tumor, make this a very difficult road for Mr. Caplan. I have personally advised him as his primary neurosurgeon that it is in his best medical interests to scale back his law practice and possibly take a significant amount of time off work entirely, if at all possible. While his latest MRI in late February showed that the tumor still constituted a Stage II pineal tumor, there were distinct signs of malignant transformation which called for the immediate surgical removal of the entire tumor.

If you require additional detail regarding this matter, I urge you to contact me directly either by phone or e-mail to discuss this case further. I appreciate your consideration of Mr. Caplan's case.

Very truly yours,

Jacques J. Morcos, MD, FRCS(Eng), FRCS(Ed), FAANS
Professor and Co-Chair, Department of Neurosurgery
Professor of Clinical Neurosurgery and Otolaryngology
Division Chief, Cranial Neurosurgery, JMH
Director, Cerebrovascular and Skull Base Fellowship Program

IJM/ilv

EXHIBIT "F"



Overpayment to an unpaid balance

Page 1 of 1

## Summary

| | |
|---|---|
| Overpayment for 2020 | $45,932.00 |
| Amount applied to civil penalty owed for December 31, 2017 | 10,013.17 |
| Amount applied to civil penalty owed for December 31, 2018 | 10,054.39 |
| **Refund due** | **$24,932.44** |

### Your refund

- If you haven't already received a refund check for $24,932.44, you should receive it within 2-3 weeks as long as you don't owe other tax or debt we are required to collect.

- Visit www.irs.gov/cp45

*EXHIBIT B* (handwritten)

Form **3520-A**

Department of the Treasury
Internal Revenue Service

**Annual Information Return of Foreign Trust With a U.S. Owner**
**(Under section 6048(b))**

▶ Go to *www.irs.gov/Form3520A* for instructions and the latest information.

OMB No. 1545-0160

**2017**

**Note:** *All information must be in English. Show all amounts in U.S. dollars.*

For calendar year 2017, or tax year beginning _____ , 2017, ending _____ , 20____

Check appropriate boxes. ☐ Initial return ☐ Final return ☐ Amended return

Check if any excepted specified foreign financial assets are reported on this form (see instructions) . . . . . . . . . ☐

**Part I    General Information** (see instructions)

**1a** Name of foreign trust

RTM Trust

**b(1)** Employer identification number

34-2528661

**c** Number, street, and room or suite no. (if a P.O. box, see instructions)

c/o Forbes Hare Trust Company, 10 Market Street, Suite 716, Cassia Court

**b(2)** Reference ID number (see instructions)

| **d** City or town | **e** State or province | **f** ZIP or foreign postal code | **g** Country |
|---|---|---|---|
| Grand Cayman | Cayman Islands | KY-1-9006 | Cayman Islands, BVI |

**2** Did the foreign trust appoint a U.S. agent (defined in the instructions) who can provide the IRS with all the relevant trust information?     ☑ Yes    ☐ No

If "Yes," skip lines 2a through 2e and go to line 3.

If "No," you are required to attach a copy of all trust documents as indicated below. If these documents have been attached to a Form 3520-A filed within the previous 3 years, attach only relevant updates.

Have you attached a copy of:

| | | Yes | No | Attached Previously | Year Attached |
|---|---|---|---|---|---|
| **a** | Summary of all written and oral agreements and understandings relating to the trust? | ☐ | ☐ | ☐ | ____ |
| **b** | The trust instrument? | ☐ | ☐ | ☐ | ____ |
| **c** | Memoranda or letters of wishes? | ☐ | ☐ | ☐ | ____ |
| **d** | Subsequent variances to original trust documents? | ☐ | ☐ | ☐ | ____ |
| **e** | Other trust documents? | ☐ | ☐ | ☐ | ____ |

**3a** Name of U.S. agent

Lawrence A. Caplan, P.A.

**b** Identification number

59-3222576

**c** Number, street, and room or suite no. (if a P.O. box, see instructions)

1375 Gateway Blvd., Suite 100

| **d** City or town | **e** State or province | **f** ZIP or postal code | **g** Country |
|---|---|---|---|
| Boynton Beach | FL | 33426 | USA |

**4a** Name of trustee

Forbes Hare Trust Company

**b** Identification number, if any

**c** Number, street, and room or suite no. (if a P.O. box, see instructions)

10 Market Street, Suite 716, Cassia Court

| **d** City or town | **e** State or province | **f** ZIP or postal code | **g** Country |
|---|---|---|---|
| Grand Cayman | Cayman Islands | KY-1-9006 | Cayman Islands, BVI |

**5** Did the trust transfer any property (including cash) to another person (see instructions for definition) during the tax year? If "Yes," attach statement (see instructions). . . . . . . . . . . . . . . . . . . ☐ Yes    ☑ No

**6** Enter the number of **Foreign Grantor Trust Owner Statements** (page 3) included with this Form 3520-A . . . ▶    1

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including any accompanying reports, schedules, or statements, and to the best of my knowledge and belief, it is true, correct, and complete.

▶ Trustee's Signature     ▶ Title     ▶ Date

**Paid Preparer Use Only**

| Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|
| Lawrence Caplan | | | | |

Firm's name ▶ Lawrence A. Caplan, P.A     Firm's EIN ▶ 59-3222576

Firm's address ▶ 1375 gateway Blvd, Suite 100, Boynton Beach, FL 33426     Phone no. 5612450763

**For Paperwork Reduction Act Notice, see instructions.**     Cat. No. 19595G     Form **3520-A** (2017)

**AFFIDAVIT**

STATE OF FLORIDA
COUNTY OF PALM BEACH

  BEFORE ME, the undersigned authority, authorized to administer oaths and take acknowledgements, personally appeared LAWRENCE CAPLAN (Affiant), who being by me first duly sworn, deposes and says:

1. Affiant is the attorney for Robert T. Marema specifically with respect to the filing of his Form 3520-A for the RTM Trust for tax year 2017.

2. Affiant attests that he prepared the Form 3520-A for his client for tax year 2017 and that his clients and the trustee, Forbes Hare Trust Company executed the Form 3520-A on or before October 15, 2018.

3. Affiant further attests that he personally prepared the FedEx shipping bill for the Form 3520-A and shipped the Form to the IRS Ogden Service Center on in late September, 2018.

4. Affiant further attests that he has made a good faith effort to locate a copy of the original FedEx shipping waybill but cannot locate a copy in his files. Affiant further attests that he has contacted FedEx to ask that a copy of the shipping waybill be located but FedEx has not been able to do so, claiming that too much time has passed from the original date.

5. Affiant personally is aware that the signed and fully completed Form 3520-A for tax year 2017 was shipped to the IRS in late September 2018 And Affiant has previously provided a copy of the fully completed and executed Form 3520-A to the Taxpayer Advocate working on the case.

6. Affiant is asking that the penalty previously assessed against the taxpayer for late filing of the Form 3520-A be waived in this case.

FURTHER AFFIANT SAYETH NAUGHT

_____
LAWRENCE CAPLAN

STATE OF FLORIDA
COUNTY OF PALM BEACH

  Sworn to and subscribed before me this 29 day of November, 2021 by LAWRENCE CAPLAN, who is personally known to me or who has produced drivers license as identification.

       Notary Public State of Florida

Rahat Balmatova
Commission # HH 116518
Commission Expires 04-27-2025
Bonded Through - Cynanotary
Florida - Notary Public

EXHIBIT M

Form 3520-A (2017)

## Part II  Foreign Trust Income Statement
Enter totals from books and records of foreign trust (see instructions).

| | | | 16 |
|---|---|---|---:|
| **Income** | 1 | Interest | |
| | 2 | Dividends | |
| | 3 | Gross rents and royalties | |
| | 4 | Income (loss) from partnerships and fiduciaries | 1931777 |
| | 5 | Capital gains: | |
| | a | Net short-term capital gain (loss) | |
| | b | Net long-term capital gain (loss) | |
| | 6 | Ordinary gains (losses) | |
| | 7 | Other income (attach statement) | 1931765 |
| | 8 | Total income (add lines 1 through 7) | 3747 |
| **Expenses** | 9 | Interest expense | |
| | 10a | Foreign taxes (attach statement) | |
| | b | State and local taxes | 753457 |
| | 11 | Amortization and depreciation (depletion) | 10000 |
| | 12 | Trustee and advisor fees | |
| | 13 | Charitable contributions | 1657427 |
| | 14 | Other expenses (attach statement) | 2424631 |
| | 15 | Total expenses (add lines 9 through 14) | (492854) |
| | 16 | Net income (loss) (subtract line 15 from line 8) | 44570 |

17a  Enter the fair market value (FMV) of total distributions from the trust to all persons, whether U.S. or foreign ▶

b  Distributions to U.S. owners:

| (i) Name of owner | (ii) Identification number | (iii) Date of distribution | (iv) FMV |
|---|---|---|---:|
| Robert T. Marema | 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 | 12/31/2016 | 44570 |

c  Distributions to U.S. beneficiaries:

| (i) Name of beneficiary | (ii) Identification number | (iii) Date of distribution | (iv) FMV |
|---|---|---|---|
| | | | |
| | | | |

## Part III  Foreign Trust Balance Sheet

| | | Beginning of Tax Year | | End of Tax Year | |
|---|---|---|---|---|---|
| | | (a) | (b) | (c) | (d) |
| **Assets** | | | | | |
| 1 | Cash | | 7534 | | 20273 |
| 2 | Accounts receivable | | | | |
| 3 | Mortgages and notes receivable | | | | 116632 |
| 4 | Inventories | | | | |
| 5 | Government obligations | | | | |
| 6 | Other marketable securities | | | | |
| 7 | Other nonmarketable securities | | | | |
| 8a | Depreciable (depletable) assets | | | | |
| b | Less: accumulated depreciation (depletion) | | (699789) | | (745553) |
| 9 | Real property | | | | |
| 10 | Other assets (attach statement) | | 701210 | | 706142 |
| 11 | Total assets | | 8956 | | 97494 |
| **Liabilities** | | | | | |
| 12 | Accounts payable | | | | 4015 |
| 13 | Contributions, gifts, grants, etc., payable | | | | |
| 14 | Mortgages and notes payable | | | | |
| 15 | Other liabilities (attach statement) | | | | |
| 16 | Total liabilities | | 0 | | 4015 |
| **Net Worth** | | | | | |
| 17 | Contributions to trust corpus | | | | |
| 18 | Accumulated trust income | | | | 93479 |
| 19 | Other (attach statement) | | 8956 | | 93479 |
| 20 | Total net worth (add lines 17 through 19) | | 8956 | | 97494 |
| 21 | Total liabilities and net worth (add lines 16 and 20) | | 8956 | | |

Form **3520-A** (2017)