**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROBERT T. MAREMA and
WHITNEY M. MAREMA,

     Plaintiffs,

vs.                                    Case No. 3:24-cv-457-MMH-PDB

UNITED STATES OF AMERICA
(U.S. Dept. of Treasury),

     Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court sua sponte.  On May 9, 2024, Plaintiffs Robert T. Marema and Whitney M. Marema initiated this action by filing a Civil Action for Refund (Doc. 1; Complaint).  Upon review, the Court finds that the Complaint is due to be stricken as it does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure (Rule(s)).

Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2).  Rule 10 requires Plaintiffs to state their claim "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  In addition, "[i]f doing so would promote clarity," Rule 10 requires that "each claim founded on a separate transaction or occurrence— . . . must be stated in a separate count . . . ." Id.

Rule 10(b). Rules 8 and 10 work together "to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not." Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Here, Plaintiffs assert a claim under 26 U.S.C. § 7422 seeking a refund of a civil tax penalty levied against Plaintiffs. However, Plaintiffs fail to use separate numbered paragraphs to present their allegations, and do not limit each paragraph "as far as practicable to a single set of circumstances." See Rule 10(b). Thus, as currently drafted, it will be difficult if not impossible for Defendant to frame a responsive pleading. In addition, the Court notes that page eight of the Complaint contains blank lines where it appears Plaintiffs inadvertently failed to insert the applicable numbers. See Complaint at 8. Moreover, the exhibits to the Complaint are scanned in such a manner that they are difficult if not impossible to read, some of the exhibit pages appear to be out of order, and Exhibit C is missing altogether. The Court also observes that the Complaint does not comply with the typography requirements set forth in the Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)). See Local Rule 1.08(a)–(b).

In light of the foregoing, the Court will strike the Complaint for failure to comply with Rules 8 and 10 and Local Rule 1.08, and direct Plaintiffs to file an amended complaint. In the amended complaint, Plaintiffs must set forth a short and plain statement of their claim, use numbered paragraphs limited as far as practicable to a single set of circumstances, correct the deficiencies with the exhibits, and comply with the typography requirements of the Local Rules. See Rules 8(a)(2), 10(b); Local Rule 1.08.

Accordingly, it is

**ORDERED**:

1. The Civil Action for Refund (Doc. 1) is **STRICKEN**.

2. Plaintiffs shall file an amended complaint consistent with the directives of this Order on or before **May 30, 2024**. Failure to do so may result in a dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida, on May 16, 2024.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties